1  GIBSON, DUNN & CRUTCHER LLP
   EUGENE SCALIA, SBN 151540
2  RACHEL S. BRASS, SBN 219301
   One Montgomery Street, Suite 3100
3  San Francisco, California 94104
   Telephone: (415) 393-8200
4  Facsimile: (415) 986-5309

5  Attorneys for Defendant
   MCI Network Services, Inc.
6

7                UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 PAUL ANDERSON,                    CASE NO. C 06-03542 VRW

11        Plaintiff,                 [STIPULATED] PROTECTIVE ORDER

12     v.

13 MCI NETWORK SERVICES, INC.; and
   DOES 1 through 100,
14
          Defendant.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  WHEREAS, the parties to this action believe that the conduct of this matter will require

2  disclosure of confidential information, including commercial, financial and personnel information.

3  WHEREAS, the parties to this action have contractually agreed to keep confidential all

4  confidential and proprietary information that the parties may learn during the course of discovery in

5  this action about the business of MCI Network Services, Inc. and/or Verizon Communications,

6  including, but not limited to, information relating to current and former employees, customers,

7  pricing, know-how, and processes, policies and practices.

8  IT IS HEREBY ORDERED that, if, pursuant to proceedings in this action, any party or third-

9  party witness (a) produces information or permits inspection or sampling of any tangible thing,

10  whether informally or in response to oral examination, written discovery requests, or subpoena duces

11  tecum, which any party or other person claims to constitute confidential information, or (b) receives,

12  by an oral or written communication, information which any party or other person claims to

13  constitute confidential information, the following procedures shall be employed and the following

14  restrictions shall govern:

15  **1.**   **Designation of Material**

16  **1.1**   Any party to this action, and any non-party from whom discovery is sought in

17  connection with this action, may designate as *"Confidential"* or *"Confidential – Attorneys Only"* any

18  documents, things, interrogatory answers, responses to request for admissions, trial or deposition

19  testimony, or other material that contains information; within either of the above designations, as

20  hereinafter defined.

21  **1.2**   As used herein, *"Confidential"* information shall be information, data, documents and

22  procedures of MCI Network Services, Inc. and/or Verizon Communications that were developed or

23  created in connection with MCI Network Services, Inc.'s and/or Verizon Communication's

24  customers, services or pricing; internal guidelines and procedures; and methods, techniques or

25  processes which are not generally known by or available to the public.  *Confidential – Attorneys only*

26  shall be personnel information or other information protected by the U.S. or California right of

27  privacy.

28

STIPULATED PROTECTIVE ORDER, CASE NO. C 06-03542 VRW

2.     **Restriction on Use and Disclosure of Designated and Non-Designated Materials**

**2.1**     Absent a specific order of this Court, material designated "*Confidential*" or "*Confidential – Attorneys Only*" and any information derived therefrom, shall be used by the parties solely in connection with this litigation, and not for any business or competitive purpose, and such information shall not be disclosed to anyone except as provided herein.

**2.2**     Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "*Confidential*" or "*Confidential – Attorneys Only*" designated material. No copies of materials designated "*Confidential*" or "*Confidential – Attorneys Only*" shall be made except by or on behalf of counsel for the parties.

**2.3**     The restrictions contained in this section do not apply to (a) information that, as evidenced by written records, is or was public knowledge at the time of or prior to designation in this action, or that, after such designation, becomes public knowledge other than by an act or omission of a non-designating party in violation of this Protective Order; or (b) information that, as evidenced by written records, a non-designating party has lawfully obtained or may hereafter lawfully obtain from a non-party to this action having the right to disclose such information free of any obligation of confidentiality.

**2.4**     In the event of any dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, as "*Confidential*" or "*Confidential – Attorneys Only*" materials, the parties shall attempt to resolve the dispute. In the event of failure to resolve the dispute, any party wishing to challenge the designation may file a motion for an appropriate order. The information shall be treated as designated until the issue is resolved. The burden of proof with respect to the propriety or correctness of the designation shall rest on the designating party.

**2.5**     The Court retains the authority at all times to finally review any document or information designated by a party as "*Confidential*" or "*Confidential – Attorneys Only*" and to determine the appropriateness of that designation, and to re-designate any document as non-confidential if the Court determines that a party's "*Confidential*" designation is not appropriate.

### 3.   Marking of Designated Materials

**3.1**   A designation as to documents shall be made by placing a legend on each page of any document that a designating party wishes to protect against unauthorized disclosure or use. The legend shall read: "*Confidential*" or "*Confidential – Attorneys Only*." All pages of documents to be so designated shall be marked prior to producing a physical copy thereof to the receiving party. The designation of any thing as to which inspection or sampling has been requested shall be made by placing a legend reading "*Confidential*" or "*Confidential – Attorneys Only*" on the thing itself, on a tag attached thereto, or on the container within which it is stored.

**3.2**   Where possible, redacted versions of those documents marked "*Confidential – Attorneys Only*" will be produced with a *Confidential* designation. The parties agree to meet and confer in good faith should either party believe a document designated as "*Confidential – Attorneys Only*" also should have been produced in redacted form.

### 4.   Inadvertent Disclosure or Failure to Mark or Designate

**4.1**   If a party inadvertently discloses any document or thing containing "*Confidential*" or "*Confidential – Attorneys Only*" information without designating it as such, the disclosing party shall promptly, upon discovery of such inadvertent disclosure, inform the receiving party in writing, and the receiving party shall thereafter treat the information as newly designated. The disclosing party shall provide replacement copies of said inadvertently disclosed materials, with the appropriate designation, to the receiving party within thirty (30) days of discovery of such inadvertent disclosure. The receiving party shall make every reasonable effort to retrieve the undesignated materials from all persons who received the undesignated materials and return such materials to the disclosing party or, if so directed by the disclosing party, destroy all copies of the undesignated materials.

**4.2**   If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, the producing party shall promptly, upon discovery of such disclosure, so advise the receiving party in writing and request that the materials or information be returned. The receiving party will return such inadvertently disclosed materials or information and all copies within ten (10) days of receiving the written request for return of the materials or information. Nothing in this paragraph shall be construed to preclude any party from

4

challenging whether the information was inadvertently disclosed and/or whether such disclosure waived any privilege or immunity. Until such time, however, that it is either agreed by the parties or determined by the Court that a disclosure was not inadvertent and/or that such disclosure waived any privilege or immunity, the information shall be treated as privileged or otherwise immune from discovery and shall not be used or disclosed by the non-disclosing party.

**4.3**    Treatment by opposing counsel in conformity with the indicated designation shall not be construed in any way as an admission or agreement by any party that the designated information is in fact confidential.

## 5.    Depositions and Pretrial Testimony

**5.1**    In the case of depositions or other pretrial testimony, the designation of depositions or other pretrial testimony, or portions thereof, shall be made (a) by a statement on the record, by counsel, during such deposition or other pretrial proceedings that the entire transcript or portion thereof shall be designated as "*Confidential*" or "*Confidential – Attorneys Only*" as appropriate, hereunder; or (b) by a written notice of such designation sent by counsel to all parties within twenty (20) days after the deposition or testimony. If any document or information designated "*Confidential*" or "*Confidential – Attorneys Only*" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be stamped confidential, and access thereto shall be limited pursuant to the terms of this Protective Order.

**5.2**    If a party anticipates that it may disclose at any hearing or at trial any information designated "*Confidential*" or "*Confidential – Attorneys Only*," pursuant to this Protective Order, the parties shall consult with the Court prior to such hearing or trial regarding appropriate procedures to maintain the confidentiality of the information before the information is disclosed.

**5.3**    Aside from the Court, deponents, professional translators and stenographic reporters serving the attorneys of record or the Court, only individuals otherwise authorized to receive such "*Confidential*" or "*Confidential – Attorneys Only*" materials under the terms of this Protective Order may be present during confidential portions of the depositions or other testimony.

5

STIPULATED PROTECTIVE ORDER, CASE NO. C 06-03542 VRW

6.    **Access to "*Confidential*" Materials**

**6.1**    Information or materials designated "*Confidential*," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed or made available, in whole or in part, only to the following persons:

(a)    The Court under seal;

(b)    Parties' outside counsel of record in this action and in-house counsel and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(c)    Outside stenographic court reporters, videographers, language translators, and other organizations supplying litigation support services;

(d)    Graphics or design services retained by counsel for a party for purposes of preparing demonstrative exhibits for deposition, trial or other court proceedings in this action, provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order;

(e)    Non-technical jury or trial consulting services retained by counsel for a party provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order;

(f)    Outside experts and consultants as defined in Paragraph 6.2, and their secretarial and clerical assistants;

(g)    Any other person upon order of this Court or upon written consent of the party producing the confidential information or material provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order.

(h)    Employees, officers, or directors of a party, so long as such persons have executed an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order, before receiving any "*Confidential*" information.

**6.2**    For purposes of this Protective Order, a consultant shall be defined as a person who is neither an employee of a party nor anticipated to become an employee during the course of this litigation, and who is retained or employed as a consultant or expert for purposes of this litigation, whether full-time or part-time, by or at the direction of counsel for a party.

7.    **Disclosure to Authors and Previous Recipients**

The designation of any document as "*Confidential*" or "*Confidential – Attorneys Only*" shall not preclude any party from showing the document to any person who appears as the author or as an

6

addressee on the face of the document, or who has been identified by the designating party as having

been provided with the document or the information therein.

**8.**      **Access to "*Confidential – Attorneys Only*" Materials**

**8.1**      Documents or information designated as "*Confidential – Attorneys Only*" shall be

disclosed only to attorneys of record for the parties to this action, the authorized secretarial and legal

assistance staff of such attorneys, the Court and Court personnel as provided in Paragraph 6(a), and

subject to Paragraphs 6(e)-6(f), to consultants, experts, and their staff retained by the parties or their

attorneys for purposes of this litigation.  No documents or information designated as "*Confidential –*

*Attorneys Only*" shall be disclosed to any third party or to any party to this action, other than the

disclosing party, except by written stipulation of the parties or by order of the Court.  Documents or

things designated as "*Confidential – Attorneys Only*" shall not be retained, filed, or stored on the

premises of any party.

**8.2**      The parties agree to meet and confer in good faith should either party believe

disclosure of a document designated as "*Confidential – Attorneys Only*" to a third party or a party to

this action is necessary.

**9.**      **Filing Materials Under Seal**

Nothing in this Protective Order shall prevent any party from filing Confidential Information

with the Court for the Court's use in connection with any motions, trial, appeal, or other issues before

it.  However, all documents or information comprising or containing Confidential Information that

are filed in any court shall be filed under seal and marked as follows:

CONFIDENTIAL

IN ACCORDANCE WITH THE COURT'S PROTECTIVE ORDER
OF_____ 2006, THE ENCLOSURE(S) SHALL BE
TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY
PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 6
OF THE PROTECTIVE ORDER.

No documents filed under seal shall be made available to third parties or the public except by

further order of this Court or in accordance with the terms, including the permitted uses specified in

this Order.

The execution of this Order shall not, in itself, operate as an admission against or otherwise prejudice any contention of any party on any motion provided for herein, or in any other proceeding or trial in this action, nor shall this Order be taken to constitute a waiver of any party's right to seek relief from the Court from any or all provisions of this Order.

**10.   Disposition of Designated Materials at End of Case**

**10.1**   Within thirty (30) days of the final adjudication, or resolution through settlement, of the claims at issue herein, unless otherwise agreed in writing by an attorney of record for the designating party, each party shall either (a) assemble and return all "*Confidential*" or "*Confidential – Attorneys Only*" material, including all copies thereof, to the party or third-party witness from which the designated material was obtained, or (b) certify in writing that all such material has been destroyed.  The producing party shall acknowledge receipt of such material in writing.

**10.2**   Unless otherwise agreed, outside counsel for each party may retain one (1) archival copy of "*Confidential*" or "*Confidential – Attorneys Only*" material, and this Protective Order shall remain in force with respect to such material.

**11.   Duration of Order**

All provisions of this Protective Order, other than the confidentiality provisions of Paragraph 2 and the provision of Paragraph 9.2 pertaining to the archival copies, shall expire one month after compliance by all parties with Paragraph 9 hereof.  The confidentiality obligations imposed by this Order shall survive any such expiration unless otherwise expressly ordered by this Court upon a duly noticed motion and hearing.

**12.   Modification of Order**

Nothing in this Protective Order shall prevent any party from applying to this Court for entry of an Order declassifying a document which has been designated "*Confidential*" or "*Confidential – Attorneys Only*.*"  This Protective Order shall not prevent any party from applying to this Court for relief therefrom or from applying to this Court for further or additional protective orders, or from

//

//

//

STIPULATED PROTECTIVE ORDER, CASE NO. C 06-03542 VRW

1   modifying this Protective Order by mutual agreement, subject to the approval of this Court.

2   DATED: 11/4/06 _____, 2006

3                                       GIBSON, DUNN & CRUTCHER LLP

4
                                        By: _Rachel S. Brass_____
5                                             Rachel S. Brass

6                                       Attorneys for Defendant
                                        MCI Network Services, Inc.
7

8                                       LAW OFFICE OF ANTHONY J. SPERBER

    DATED: 11/4/06 _____, 2006
9

10                                      By: _s/Anthony J. Sperber_____
                                            Anthony J. Sperber
11                                      Attorneys for Plaintiff
                                        PAUL ANDERSON
12

13

14

    SO ORDERED.
15

    DATED: November 15 ___, 2006        By: _____
16                                          The Honorable Vaughn R. Walker
                                        Chief Judge, Northern District of California
17

18

19

20

21

22

23

24

25

26

27

28

                                        9

STIPULATED PROTECTIVE ORDER, CASE NO. C 06-03542 VRW

## EXHIBIT A

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ANDERSON,<br><br>      Plaintiff,<br><br>      v.<br><br>MCI NETWORK SERVICES, INC.; and<br>DOES 1 through 100,<br><br>      Defendant. | CASE NO. C 06-03542 VRW<br><br>[STIPULATED] PROTECTIVE ORDER |

I, _____, being duly sworn, state that:

1.    I reside at _____. My current occupation is _____.

2,    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions in the Protective Order. I will hold in confidence, will not disclosure to anyone not qualified under the Protective Order, and will use only for the purposes set forth in the Protective Order any information or documents designated "*Confidential*" or "*Confidential – Attorneys Only*" and disclosed to me.

4.    Promptly upon termination of this action, I will return all designated "*Confidential*" or "*Confidential – Attorneys Only*" designated information and documents that came into my possession, and all documents and things I have prepared relating thereto, to counsel for the party by whom I am retained or employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order and this Undertaking in this action.

Dated_____       _____

100094466_1.DOC

STIPULATED PROTECTIVE ORDER, CASE NO. C 06-03542 VRW